MICHAEL HOFFMAN, Bar No. 162496
AMY C. HIRSH, Bar No. 246533
ARENA HOFFMAN LLP
44 Montgomery Street, Suite 3520
San Francisco, CA 94104-4828
Telephone:    415.433.1414
Facsimile:    415.520.0446
Email:        mhoffman@arenahoffman.com

Attorneys for Defendant
AUTOZONE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN BLACKMAN,<br><br>               Plaintiff,<br><br>     v.<br><br>AUTOZONE, INC., and DOES 1 through 20, inclusive,<br><br>               Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

Defendant AutoZone, Inc. ("AutoZone"), for purposes of removing this action on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, *et seq.*, to the United States District Court for the Eastern District of California, serves notice and respectfully avers:

**PLEADINGS AND PROCEEDINGS TO DATE**

1.    On or about February 27, 2017, this action was filed in Superior Court of California, County of Sacramento, and assigned case no. 34-2017-00208564-CU-WT-GDS by said court (the "Action"). Sacramento County Superior Court issued a Summons on or about February 27, 2017. True and correct copies of the Summons and Complaint are attached hereto as Exhibit A.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

NOTICE OF REMOVAL

2.    AutoZone was served with the Summons and Complaint on or about March 7, 2017. The papers delivered to Defendant also included a Notice of Case Management Conference and Order to Appear and Civil Case Cover Sheet. True and correct copies of said documents are attached hereto as Exhibit B.

3.    AutoZone filed and served an answer to the Complaint on March 27, 2017. Attached hereto as Exhibit C is a true and correct copy of the Answer.

4.    AutoZone is informed and believes that the aforementioned Exhibits A, B, and C constitute all of the process, pleadings, and orders on file in the action.

5.    AutoZone is informed and believes that there has been no service of process upon Defendant Does 1 through 20, nor other parties, named or otherwise. The identification of "Doe" defendants does not defeat removal to this Court. All existing and served Defendants consent and join in the removal of this action.

6.    Thirty days since service of the Summons and Complaint have not yet expired. Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

7.    This action is one which may be removed to this Court by AutoZone pursuant to 28 U.S.C. §§ 1332, 1441, 1446, in that there is complete diversity of citizenship between the parties and Plaintiff seeks damages in excess of the minimum statutory amount in controversy.

8.    Plaintiff is, and at all times relevant has been, a citizen of the United States and domiciled in California. Plaintiff has resided and worked in Sacramento, California at all times relevant; he continues reside in Sacramento, and he intends to remain domiciled in Sacramento. Plaintiff worked at an AutoZone store in Sacramento for over ten years. According to his personnel records, Plaintiff holds a California driver's license and a Social Security number. Plaintiff identified Sacramento as his domicile for tax purposes. Plaintiff identified a residence on Hernando Road in Sacramento as his residence on his driver's license and in correspondence with AutoZone; he listed said address as his residence on checks that he delivered to AutoZone for COBRA payments after his employment ended.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104 4828
415.433.1414

NOTICE OF REMOVAL                          2.

9.     AutoZone is a Nevada corporation. Attached hereto as Exhibit D is a true and correct of the Nevada Secretary of State's public registry for AutoZone, posted at https://nvsos.gov. AutoZone's principal place of business is the corporate headquarters in Memphis, Tennessee. Attached hereto as Exhibit E is a true and correct copy of the cover page of AutoZone's Form 10-Q filed on February 17, 2017, available at www.sec.gov. Approximately 1,350 individuals work at the Memphis headquarters, where corporate officers and administrative staff direct and control corporate policy in these areas:   finance, accounting, merchandising, legal, human resources, payroll, store operations, marketing, supply chain, and information technology.

10.     Plaintiff is a citizen of California and domiciled in California.  Defendant is not a citizen of California and is not domiciled in California.  Complete diversity of citizenship exists between the parties.

11.     In the Complaint, Plaintiff asserts claims under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, *et seq.*, arising from his employment and separation: (1) age discrimination; (2) retaliation; and (3) failure to prevent discrimination. (Exh. A, Compl.) Plaintiff does not state in his Complaint whether he seeks damages of $75,000 or less.

12.     The District Courts of the United States have original and removal jurisdiction over any action where the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the plaintiff and the defendant. 28 U.S.C. §§ 1332(d), 1441(b).  Where it is unclear from the pleadings whether more than $75,000 is in controversy, the removing party may establish by a preponderance of evidence that the amount in controversy meets the jurisdictional minimum. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  The jurisdictional minimum may be satisfied by claims for all damages and attorneys' fees in amounts reasonably anticipated at the time of removal.

13.     Plaintiff seeks lost income and benefits as damages.  He worked as a store manager and assistant manager.  Plaintiff alleges that his employment ended on July 31, 2015.  (Exh. A, Compl., at ¶ 1)  He had an annual compensation of approximately $38,500 per year, plus benefits. Plaintiff paid COBRA premiums of $3,590 after his employment ended.   According to the Complaint, Plaintiff continues to sustain lost income and benefits. (Exh. A, Compl. at ¶¶ 18, 25, 30)

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

NOTICE OF REMOVAL                                         3.

His claimed loss of past and future income and benefits since July 31, 2015, exceeds $75,000. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (past and future lost wages are relevant for removal).

14.   Plaintiff seeks general damages for past and ongoing alleged emotional harm. (Exh. A, Compl. at ¶¶ 19, 26, 31)  California courts may award substantial amounts for general damages and emotional distress alleged in the pleadings. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (affirming verdict of $500,000 in general damages); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (verdict of 3,500,000 was instructive, even though the plaintiff had worked for only four months: "[the cases] indicate that emotional distress damages in a successful employment discrimination case may be substantial").  Given the range of customary general damage awards in FEHA actions, Plaintiff's alleged emotional distress damages likely totals at least $25,000.  *Kroske*, 432 F.3d at 980 (district court correctly exercised removal jurisdiction, even though the plaintiff did not quantify damages in interrogatory responses, because "her emotional distress damages would add at least an additional $25,000 to her claim").

15.   Plaintiff seeks punitive damages for alleged malice in terminating his employment. (Exh. A, Compl. at ¶¶ 19, 27, 33)  Punitive damages form part of the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  California courts allow punitive damage awards in discrimination and retaliation cases, which may exceed Plaintiff's actual damages. *Roby*, 47 Cal. 4th at 719 (punitive damage award of $1,905,000 affirmed); *Simmons*, 209 F. Supp. 2d at 1033.  A punitive damage award of $25,000 reasonably estimates the amount in controversy if Plaintiff proves the allegations in the pleading, given his potential economic and general damages.

16.   Plaintiff also demands an award of attorneys' fees and costs pursuant to FEHA. (Exh. A, Compl. at pp 6)  All attorneys' fees, including post-removal fees authorized by law, are included in the amount in controversy calculation. *Brady v. Mercedes–Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) (collecting cases).  For purposes of removal, AutoZone estimates that Plaintiff's counsel demands $300 per hour in employment cases.  Plaintiff's counsel will spend an estimated 100 hours litigating the matter.  Thus, Plaintiff's demand for attorneys' fees adds at least $30,000 to the amount in controversy. *Simmons*, 209 F. Supp. 2d at 1034-35 (upholding removal

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

NOTICE OF REMOVAL                                    4.

where wage loss totaled $25,600: "While attorney's fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional amount is clearly satisfied").

17.     Based on the foregoing, the amount in controversy exceeds the $75,000 statutory minimum for removal based on diversity of citizenship.  Removal is therefore proper.

## VENUE

18.     This is a civil suit brought in a California state court.  Plaintiff alleges that he was employed in Sacramento County, and that his alleged damages occurred in Sacramento County.  Based on the allegations in Plaintiff's Complaint, AutoZone is informed and believes that the events giving rise to this action occurred within this judicial district.  This Court is the appropriate venue for actions removed from Sacramento County Superior Court.

19.     AutoZone is giving written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy with the Clerk of Court of the Superior Court of California, Sacramento County, or as further required by statute.

WHEREFORE, Defendant AutoZone, Inc. prays that the above-referenced action now pending in Sacramento County Superior Court, case no 34-2017-00208564-CU-WT-GDS, be removed from that court to this United States District Court.

Dated: March 29, 2017

/S/ Michael Hoffman
MICHAEL HOFFMAN
ARENA HOFFMAN LLP
Attorneys for Defendant
AUTOZONE, INC.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

NOTICE OF REMOVAL                                    5.

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AUTOZONE, INC., and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GLENN BLACKMAN

RECEIVED

FILED
2017 FEB ... Superior Court Of California,
Sacramento
02/28/2017
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO
By _____, Deputy

Case Number:
34-2017-00208564

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SACRAMENTO

720 9th Street
Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jill P. Telfer, Law Office of Jill P. Telfer, 331 J Street #200, Sacramento, CA 95814; 916-446-1916

DATE: FEB 2 8 2017
*(Fecha)*

Clerk, by C. CULLEN-SANDOVAL , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* AutoZone, Inc.

under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*

4. ☑ by personal delivery on *(date):* 3/02/12

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

LAW OFFICES OF JILL P. TELFER
A Professional Corporation
JILL P. TELFER, State Bar No. 145450
PAT CROWL (State Bar No. 313735)
331 J Street, Suite 200
Sacramento, California 95814
Telephone:    (916) 446-1916
Facsimile:    (916) 446-1726
email: jtelfer@telferlaw.com

Attorney for Plaintiff
GLENN BLACKMAN

## SUPERIOR COURT OF CALIFORNIA

### IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| GLENN BLACKMAN,<br><br>     Plaintiff,<br><br> v.<br><br>AUTOZONE, INC., and DOES 1 through 20, inclusive<br><br>     Defendants. | CASE NO:<br><br>COMPLAINT FOR DAMAGES: EMPLOYMENT RETALIATION AND DISCRIMINATION UNDER THE FAIR EMPLOYMENT AND HOUSING ACT<br><br>** JURY TRIAL REQUESTED |

COMES NOW PLAINTIFF, **GLENN BLACKMAN** and alleges as follows:

### PARTIES

1. Plaintiff **GLENN BLACKMAN** (hereinafter referred to as "Blackman") is a former Assistant Manager and Manager with Defendant **AUTOZONE INC.** (hereinafter referred to as "Autozone"). He worked for Autozone for 29 years at the time of his unlawful termination, on or about July 31, 2015. Blackman was an exemplary employee who began being subjected to adverse actions due to his age including, but not limited to, being set up to fail, discipline, and ultimately being terminated.

2. At the time of his termination, Blackman was 64 years old and reported to Steve Bin, who reported to District Manager Carlos Campa.

3. Defendant Autozone is the second largest retailer of aftermarket automotive parts. Autozone is authorized to do business in the State of California. Autozone operates 5,324 stores across the United States. At all relevant times during Blackman's 29 year career, he worked in the Greater Sacramento area. The retaliation and discrimination took place in Sacramento County.

COMPLAINT FOR DAMAGES

4.    Blackman was hired on August 13, 1998. He was recognized for his exceptional customer service skills and collective work ethic.

5.    However, in approximately 2013, Defendant began discriminating against Blackman due to his age. He was demoted for pretextural reasons and was set up to fail. He was told he was too old to manage a store.

<b><u>GENERAL ALLEGATIONS</u></b>

6.    In June 2015, Blackman complained of the discrimination to his immediate supervisor, Steve Bin. Human Resources ("HR") Generalist Representative Sheri LaMonde learned of Blackman's allegations, interviewed Blackman, and made a report to the Regional HR Department.

7.    Thereafter, the Regional HR Manager set up an appointment to meet with Blackman and the Regional Operations Manager. However, the meeting did not take place and instead, Blackman was terminated.

8.    The articulated business reasons for Blackman's demotion and termination were a pretext to retaliation and discrimination.

9.    The true names and capacities of the defendants named herein as DOES 1 through 20, inclusive, whether individual, corporate, associate or otherwise, are unknown to Blackman who therefore sue such defendants by fictitious names. Blackman is informed and believes that the DOE defendants are responsible in some manner for the occurrences herein alleged and that Blackman's injuries were proximately caused by the aforesaid defendants. Blackman will amend this complaint to show such true names and capacities when they have been determined.

10.    Blackman is informed and believes, and thereby alleges that each of the defendants herein was at all times relevant hereto the agent, employee or representative and/or joint venturer of the remaining defendants, and was acting at least in part within the course and scope of such relationship. Blackman is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

11.    Blackman alleges on information and belief that, at all times relevant herein, defendants, and each of them, have actively participated in the discrimination and retaliation against Blackman because of his complaints of discrimination and due to his age.

2<br>COMPLAINT FOR DAMAGES

12. The managing agents for Defendant knew and/or should have known of the discrimination that Blackman had been forced to endure. Despite having been informed of, or having reasonable knowledge of said unlawful activity, these managing agents have refused to take any action to abate it.

13. All of the described conduct, acts, and failures to act are attributed to agents and employees under the direction and control, and with the permission, consent, and authorization of the remaining Defendants. Said acts, conduct, and failures to act are within the scope of such agency and/or employment.

14. Blackman filed administrative claims with the Department of Fair Employment and Housing and the Equal Opportunity Commission. He received his right-to-sue on or about August 28, 2015.

### FIRST CLAIM FOR RELIEF
#### Retaliation Under Government Code §12490
#### California Fair Employment Housing Act

15. Blackman herein incorporates by reference, as though fully set forth herein, paragraphs 1 through 14.

16. Blackman engaged in the protected activity of reporting Defendant's discriminatory treatment beginning in June 2015.

17. As a result of his internal report of discrimination and participation in an interview about the discriminatory conduct, Defendant retaliated against Blackman by Defendant terminating him.

18. As a direct and foreseeable and proximate result of Defendant's retaliatory acts, Blackman has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress and discomfort, all to Blackman's damage in the amount according to proof at trial.

19. As a proximate result of Defendants willful, intentional, and malicious conduct, Blackman suffered and continues to suffer extreme mental and emotional distress. Blackman therefore is entitled to an award of general and punitive damages against all Defendants. Defendants committed the acts described in the complaint oppressively, fraudulently, and maliciously, entitling Blackman to an award of punitive damages against Defendants in the amount appropriate to punish and make an

example of defendants. Blackman suffered damages proximately caused by these Defendants' wrongful acts according to proof at trial.

20.   As a direct and proximate result of the conduct of Defendants and each of them, Blackman has incurred and will continue to incur special damages including, but not necessarily limited to, lost wages and salary, lost benefits, lost future earnings and benefits, medical costs, and expenses all in an amount to be determined according to proof at trial.

21.   Blackman has suffered and continues to suffer irreparable and other injury as a direct and legal result of the actions of Defendant, including severe anxiety, physical ailments directly attributable to stress, and other emotional trauma.

### SECOND CLAIM FOR RELIEF
(Unlawful Discrimination Based on Age)
(Cal. Gov't. Code § 12940, et seq.)

22.   Blackman incorporates by reference paragraphs 1 through 21, inclusive, of his complaint as if fully set forth.

23.   Defendant took adverse acts against Blackman motivated by Blackman being over the age of 40.   These adverse acts listed above culminated with his termination for pretextual reasons. Blackman was replaced by a person substantially younger.

24.   Defendant has a pattern and practice of discrimination against those over the age of 40.

25.   As a direct, foreseeable, and proximate result of Defendants' discriminatory acts, Blackman has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress and discomfort, all to Blackman's damage in the amount according to proof at trial.

26.   As a proximate result of Defendants' willful, intentional and malicious conduct, Blackman suffered and continues to suffer extreme mental and emotional distress. Blackman therefore is entitled to an award of general and punitive damages against the Defendant.

27.   Defendants committed the acts described in the complaint oppressively, fraudulently, and maliciously, entitling Blackman to an award of punitive damages against Defendants in the amount appropriate to punish and make an example of Defendants. Blackman suffered damages proximately caused by these Defendants' wrongful acts according to proof at trial.

4
COMPLAINT FOR DAMAGES

## THIRD CLAIM FOR RELIEF
### Failure to Correct
#### (Violation of Government Code §12940(k))

28.    Blackman incorporates herein by reference Paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29.    Defendant Autozone was put on notice of the illegal behavior of its employees, supervisors, and managers against Blackman.   Rather than take immediate corrective action as is required under the law, Defendant Autozone ignored the illegal behavior, ignored Blackman, and in fact took steps to cover up Raley's managers' and supervisors' illegal actions.

30.    As a direct and proximate result of the conduct of Defendants and each of them, Blackman has incurred and will incur special damages, including but not necessarily limited to lost wages and salary, lost stock options and bonuses, lost benefits, lost future earnings and benefits, medical costs, and expenses all in an amount to be determined according to proof at trial.

31.    As a further, direct and proximate result of the conduct of Defendants, and each of them, Blackman has suffered and will continue to suffer general damages, including severe emotional distress. Blackman sustained great emotional disturbance, shock and injury to his nervous system, all of which caused and continues to cause Blackman severe physical and emotional injury, without limitation in an amount to be determined according to proof at trial.

32.    As a proximate result of Defendants' willful, intentional and malicious conduct, Blackman suffered and continues to suffer extreme mental and emotional distress.

33.    Defendants committed the acts described in the complaint oppressively, fraudulently, and maliciously, entitling Blackman to an award of punitive damages against Defendants in the amount appropriate to punish and make an example of Defendants.  Blackman suffered damages proximately caused by these Defendants' wrongful acts according to proof at trial.

///

///

///

///

///

5

COMPLAINT FOR DAMAGES

**WHEREFORE**, Blackman prays for judgment as specifically set forth below:

## PRAYER

1.    After appropriate proceedings, permanently enjoin Defendants from discriminating against employees over the age of 40 and cease retaliation against those who engage in protected activities;

2.    Award Blackman compensatory damages, according to proof, for lost wages, medical and psychiatric care expenses and pain and suffering;

3.    Punitive damages;

4.    Reasonable attorneys' fees;

5.    Reasonable costs of suit; and

6.    For any other relief that the Court deems just and proper.

DATED:    February 27, 2017                    LAW OFFICES OF JILL P. TELFER
                                               A Professional Corporation


                                               _____
                                               JILL P. TELFER
                                               Attorney for Plaintiff
                                               **GLENN BLACKMAN**

6

COMPLAINT FOR DAMAGES

# EXHIBIT B

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
JILL TELFER (SBN 145450); PAT CROWL (SBN 313735)
Law Office of Jill P. Telfer
331 J Street Suite 200
Sacramento, CA 95814
TELEPHONE NO.: 916-446-1916    FAX NO.: 916-446-1726
ATTORNEY FOR (Name): Plaintiff Glenn Blackman

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

CASE NAME:
BLACKMAN V. AUTOZONE, INC.

RECEIVED
IN DROP BOX
FILED
2017 FEB 28 PM 1:26 Superior Court Of California,
Sacramento
SUPERIOR COURT OF CALIFORNIA 02/28/2017
COUNTY OF Sacramento

By _____ , Deputy
Case Number:
CASE NO. 34-2017-00208564

FOR COURT USE ONLY

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
(Cal. Rules of Court, rules 3.400–3.403)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☒ punitive
4. Number of causes of action (specify): 3: Retaliation, Age Discrimination, Failure to Correct
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 28, 2017

Jill P. Telfer
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET<br>MAILING ADDRESS: 720 Ninth STREET<br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br>BRANCH NAME: Gordon D Schaber Courthouse<br>PHONE NUMBER: (916) 874-6522 | RECEIVED<br>MAR 0 2 2017<br>mail<br>BY: |

| SHORT TITLE: Blackman vs. Autozone Inc | |
|---|---|

| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br>34-2017-00208564-CU-WT-GDS |
|---|---|

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 08/31/2017 in Department 39 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
-Served all parties named in the complaint within 60 days after the summons has been issued
-Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
-Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.



# EXHIBIT C

MICHAEL HOFFMAN, Bar No. 162496
ARENA HOFFMAN LLP
44 Montgomery Street, Suite 3520
San Francisco, CA 94104-4828
Telephone:     415.433.1414
Facsimile:     415.520.0446
Email: mhoffman@arenahoffman.com

Attorneys for Defendant
AUTOZONE, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

GLENN BLACKMAN,

          Plaintiff,

    v.

AUTOZONE, INC., and DOES 1 through 20, inclusive,

          Defendants.

Case No. 34-2017-00208564-CU-WT-GDS

**ANSWER**

Defendant AUTOZONE, INC. ("Defendant"), for itself alone, answers the unverified Complaint of Plaintiff Glenn Blackman ("Plaintiff") as follows:

**GENERAL DENIAL**

1.     Pursuant to Code of Civil Procedure section 431.30(d), Defendant answers the Complaint by generally denying each and every allegation of Plaintiff's Complaint, denying that Plaintiff has been damaged or sustained any damages as a result of the conduct alleged therein, and asserting the affirmative defenses set forth below.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104-4828
415.433.1414

ANSWER                                                                 Case No. 34-2017-00208564-CU-WT-GDS

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

2. Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

3. The Court lacks jurisdiction to adjudicate the causes of action in the Complaint because Plaintiff is bound by an arbitration agreement; Plaintiff must submit all of his causes of action and claims to binding arbitration pursuant to California Code of Civil Procedure § 1281, *et. seq.*, and/or the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.* Attached hereto as Exhibit A is a true and correct copy of the applicable arbitration agreement. Defendant demands arbitration of all claims and causes of action.

## THIRD AFFIRMATIVE DEFENSE

4.. State procedural rules of arbitration, codified in Code of Civil Procedure § 1281, *et. seq.*, are preempted by the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.*, because Plaintiff is bound by an arbitration agreement governed by the FAA that covers the claims and issues raised therein.

## FOURTH AFFIRMATIVE DEFENSE

5. Defendant is informed and believes that Plaintiff's alleged damages were proximately caused by or contributed to by acts, or failures to act, of persons other than Defendant, which acts or failures to act constitute an intervening and superseding cause of the damages and injuries alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

6. Defendant is informed and believes that Plaintiff is entirely or, in the alternative, partially barred from any recovery because of his failure to take reasonable and necessary steps to mitigate his alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

7. Defendant is informed and believes that Plaintiff failed to exhaust all of his administrative remedies prior to filing suit, including those available under the Fair Employment and Housing Act (the "FEHA"), Cal. Gov't Code § 12940, *et seq.*

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104
415.433.1414

ANSWER 2. Case No. 34-2017-00208564-CU-WT-GDS

## SEVENTH AFFIRMATIVE DEFENSE

8.    Defendant is informed and believes that Plaintiff's claims and damages are preempted, in whole or in part, by applicable workers compensation laws.

## EIGHTH AFFIRMATIVE DEFENSE

9.    Defendant is informed and believes that Plaintiff's claims and damages are barred, in whole or in part, by the doctrine of unjust enrichment.

## NINTH AFFIRMATIVE DEFENSE

10.    Defendant is informed and believes that Plaintiff's claims and damages are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

11.    Defendant is informed and believes that Plaintiff, by his conduct or otherwise, is estopped to assert any wrongful conduct on the part of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

12.    Defendant is informed and believes that Plaintiff's claims and damages are barred, in whole or in part, by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

13.    Defendant is informed and believes that Plaintiff's claims and damages are barred, in whole or in part, by the doctrine of avoidable consequences.

## THIRTEENTH AFFIRMATIVE DEFENSE

14.    In addition to the facts and circumstances known to Defendant at the time of Plaintiff's discharge, Defendant is informed and believes that Plaintiff engaged in additional misconduct that justified said discharge from the date said misconduct was discovered. Plaintiff is not entitled to any damages from the date this information was discovered.

## FOURTEENTH AFFIRMATIVE DEFENSE

15.    Defendant is informed and believes that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, including those in Cal. Govt. Code §§ 12960, 12965(b)

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104
415.433.1414

ANSWER                                          3.                          Case No. 34-2017-00208564-CU-WT-GDS

## FIFTEENTH AFFIRMATIVE DEFENSE

16.    At all times relevant to his employment, Plaintiff was employed at-will and could be discharged at any time without cause.

## SIXTEENTH AFFIRMATIVE DEFENSE

17.    Defendant alleges that, if Plaintiff is adjudged to be entitled to any recovery based on his Complaint, Defendant is entitled to a set off for each of the following, respectively and separately:  the damage to Defendant inflicted by Plaintiff's wrongful acts and breaches of contract and duty; any payments made to Plaintiff by order of any administrative agency, or any other compensation paid to or received by Plaintiff from any source.

## SEVENTEENTH AFFIRMATIVE DEFENSE

18.    The imposition of punitive damages under California law, including but not limited to Civil Code §§ 3294, 3295, as interpreted and applied through California judicial authority, constitutes a denial of due process, procedural and substantive, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Defendant AUTOZONE, INC. prays for judgment as follows:

1.    That the Complaint be dismissed and that judgment be entered against Plaintiff and in favor of Defendant on all of Plaintiff's claims;

2.    That Plaintiff be compelled to submit any remaining claims to final and binding arbitration;

3.    That Plaintiff be ordered to pay Defendant's costs and attorneys' fees; and

4.    For such other and further relief as the Court deems just and proper.

Dated:  March 27, 2017

MICHAEL HOFFMAN
ARENA HOFFMAN LLP
Attorneys for Defendant
AUTOZONE, INC.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4828
415 433.1414

ANSWER                                                   Case No. 34-2017-00208564-CU-WT-GDS

# EXHIBIT A

# AutoZone 2011 Dispute Resolution Agreement

| | |
|---|---|
| **Purpose** | The purpose of this document is to provide AutoZoners whose original hire date is October 31, 2011 or before with AutoZone's Dispute Resolution Agreement and opt out procedure. This document does not apply to AutoZoners whose original hire date is November 1, 2011 or later. |
| **Introduction** | This Dispute Resolution Agreement (Agreement) is intended to provide a timely and fair procedure for you ("AutoZoner") and AutoZone to resolve disputes that arise out of your employment. AutoZoners are encouraged to initially address any concerns, questions, complaints and disputes through AutoZone's **Problem Solving Procedure**, and this Agreement is not intended to be a substitute for the utilization of this procedure. **Reference:** Policy Center/*Handbook and Code of Conduct*/**Problem Solving Procedure** <br><br> AutoZoners may opt out of the Dispute Resolution Agreement within 30 days of receipt of this Agreement. (See Opt Out Procedure outlined below.) |
| **Arbitration requirement** | Except as otherwise noted, this Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial. |
| **Applicable law** | This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. Section 1 et seq. and is a transaction involving commerce. |

*Continued on next page*

## AutoZone 2011 Dispute Resolution Agreement, Continued

**Applicable disputes**

This Agreement applies to any dispute arising out of or related to AutoZoner's employment with AutoZone or one of its affiliates, subsidiaries or parent companies or termination of employment.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law. Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of the Agreement or any portion of the Agreement. The Agreement also applies, without limitation, to disputes regarding the employment relationship, any city, county, state or federal wage- hour law, trade secrets, unfair competition, compensation, breaks and rest periods, uniform maintenance, training, termination, retaliation, or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Genetic Information Non-Discrimination Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims (excluding workers compensation, state disability insurance and unemployment insurance claims).

**Administrative claims**

Claims may be brought before an administrative agency but only to the extent applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp). Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

**Disputes not covered**

Disputes that may not be subject to pre-dispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) are excluded from the coverage of this Agreement.

*Continued on next page*

# AutoZone 2011 Dispute Resolution Agreement, Continued

| | |
|---|---|
| **Fee responsibility** | Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, in all cases where required by law, AutoZone will pay the arbitrator's and arbitration fees. If under applicable law AutoZone is not required to pay all of the arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with applicable law, and any disputes in that regard will be resolved by the arbitrator. |
| **Arbitrator selection** | The arbitrator shall be selected by mutual agreement of AutoZone and the AutoZoner. Unless the AutoZoner and AutoZone mutually agree otherwise, the arbitrator shall be an attorney licensed to practice in the location where the arbitration proceeding will be conducted or a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted. If for any reason the parties cannot agree to an arbitrator, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral arbitrator. The court shall then appoint an arbitrator, who shall act under this Agreement with the same force and effect as if the parties had selected the arbitrator by mutual agreement. |
| **Arbitration location** | The location of the arbitration proceeding shall be no more than 45 miles from the place where the AutoZoner last worked for AutoZone, unless each party to the arbitration agrees in writing otherwise. If the AutoZoner no longer resides in the general geographical vicinity where he or she last worked for AutoZone, the AutoZoner and AutoZone shall agree to a location of the arbitration within 45 miles of where the AutoZoner resides. |
| **Demand for arbitration** | A demand for arbitration must be in writing and delivered by hand or first class mail to the other party within the applicable statute of limitations period. Any demand for arbitration made to AutoZone shall be provided to AutoZone's Legal Department, P.O. Box 2198, Memphis, TN 38101-9842. The arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration. |
| **Parties' rights during arbitration** | In arbitration, the parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the arbitrator. |

*Continued on next page*

Subject Matter Expert: Alison Smith, AutoZoner Relations; Dispute Resolution (original hire date 10/31/2011 and before)   **Page 3 of 8**
Effective: Nov 2011                                                                                       ©2011, AutoZone, Inc., *All rights reserved*

# AutoZone 2011 Dispute Resolution Agreement, Continued

**Post arbitration**   Within 30 days of the close of the arbitration hearing, any party will have the right to prepare, serve on the other party and file with the arbitrator a brief. The arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the arbitrator, and no remedies that otherwise would be available to an individual in a court of law will be forfeited by virtue of this Agreement. The arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. Except as may be permitted or required by law, as determined by the arbitrator, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration. The arbitrator shall not have the power to commit errors of law or legal reasoning.

**Class action waiver**   **There will be no right or authority for any dispute to be brought, heard or arbitrated as a class, collective or representative action ("Class Action Waiver"), and this Class Action Waiver means neither party will have the right to participate in or be a representative plaintiff in a class, collective or representative action.**

Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a class, collective or representative action.

Although an AutoZoner will not be retaliated against, disciplined or threatened with discipline as a result of his or her exercising his or her rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum, AutoZone may lawfully seek enforcement of this Agreement and the Class Action Waiver under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims. Notwithstanding any other clause contained in this Agreement, any claim that all or part of the Class Action Waiver is unenforceable, unconscionable, void or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator.

*Continued on next page*

Subject Matter Expert: Alison Smith, AutoZoner Relations; Dispute Resolution (original hire date 10/31/2011 and before)   Page 4 of 8
Effective: Nov 2011   ©2011, AutoZone, Inc., *All rights reserved*

# AutoZone 2011 Dispute Resolution Agreement, Continued

**Existing litigation**

This Agreement is intended broadly to apply to all controversies arising out of or related to your employment relationship with the AutoZone as well as an agreement to submit to arbitration any existing controversy arising from or related to your employment as is permitted under Section 2 of the Federal Arbitration Act. In some cases, claims have been made in court (non-arbitration) litigation on behalf of AutoZone employees in which those employees desire to represent claims of other employees in class, collective or other representative actions (referred to as "Actions").

If either AutoZoner or AutoZone is a named party plaintiff, or either has joined as a party plaintiff this Agreement shall not apply to those Actions, and the AutoZoner or AutoZone may continue to participate in them without regard to this Agreement. If you have retained counsel with respect to any claim that may be subject to this agreement you should consult that counsel. You may consult private counsel with respect to any aspect of this Agreement.

This Agreement, however, shall apply to all Actions in which you are not a plaintiff nor part of a certified class with one exception: this Agreement shall not apply to or otherwise limit your participation in <u>Myart, et al. v. AutoZone, Inc.</u>, Orange County Superior Court Case No. 05CC03219, which is a class action lawsuit alleging various wage and hour violations under California law.

*Continued on next page*

## AutoZone 2011 Dispute Resolution Agreement, Continued

**Existing litigation (continued)**

AutoZone is aware of the following additional actions in which class or representative claims have been alleged:

In Re: AutoZone, Inc. Wage and Hour Employment Practices Litigation, Multidistrict Litigation Case No. 2159; United States District Court for the Northern District of CA Case No. 3:10-md-02159-CRB (5 coordinated cases as follows: *Jimmy Ellison v. AutoZone, Inc.*, U.S.D.C. N.D. CA Case No. 3:06-cv-07522-CRB; *Bruce Maynard v. AutoZone, Inc.*, U.S.D.C. N.D. CA Case No. 3:10-cv-03192-CRB; *William Doland v. AutoZone, Inc.*, U.S.D.C. N.D. CA Case No. 3:10-cv-02723-CRB; *Haydee Escalante v. AutoZone, Inc.*, U.S.D.C. N.D. CA Case No. 3:10-cv-04900-CRB; and *Lynnetta Ellison v. AutoZone, Inc.*, U.S.D.C. Central District CA Case No. 2:11-07686. This Multidistrict Litigation matter alleges various claims for wage and hour violations under California law.

Adrianna Villalobos v. AutoZone, Inc., et al., Superior Court of California in and for the County of Los Angeles, Case No. BC368371. This matter alleges various claims for wage and hour violations under California law.

Mark Sanchez v. AutoZone, Inc., Superior Court of California in and for the County of Los Angeles, Case No. BC456794. This matter generally involves claims for alleged wage and hour violations under California law.

Lynnetta Ellison v. AutoZone, Inc., United States District Court for the Central District of CA Case No. 2:11-07686. This matter generally involves claims for alleged race discrimination.

If you are not a named plaintiff, have not joined as a plaintiff or are not part of a certified class in any of these Actions but would like to potentially participate in one or more of the Actions as a class member or plaintiff, you may opt out of this Agreement by following the procedure set forth below. By not opting out of this Agreement as set forth below, however, you will be giving up the right to represent others in litigation and the right to participate in any class, collective or representative action in a court of law, including the Actions enumerated above in which you are not a named plaintiff, have not joined as a plaintiff or are not part of a certified class.

Even if you choose not to opt out of this Agreement, you will be able to arbitrate whatever individual claims you have against AutoZone. Whatever you decide, you will not be retaliated against, disciplined or threatened with discipline if you choose to opt out of this Agreement or choose not to opt out of this Agreement. The choice is yours.

*Continued on next page*

©2011, AutoZone, Inc.. *All rights reserved*

# AutoZone 2011 Dispute Resolution Agreement, Continued

**Right to opt out of the Agreement**

An AutoZoner may submit a form stating that the AutoZoner wishes to opt out and not be subject to this Agreement. The AutoZoner must complete and submit the signed and dated form statement on the Dispute Resolution Agreement Opt Out Form ("Form") that is located on DOC/ People/HR Forms/CA Only. In order to be effective, the Form must be postmarked within 30 days of the AutoZoner's acknowledgement of this Agreement on AutoZone Policy Center. An AutoZoner who timely opts out as provided in this paragraph will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this Agreement. Should an AutoZoner not opt out of this Agreement within 30 days of the AutoZoner 's receipt of this Agreement, continuing the AutoZoner's employment constitutes mutual acceptance of the terms of this Agreement by AutoZoner and AutoZone. An AutoZoner has the right to consult with counsel of the AutoZoner's choice concerning this Agreement.

**Opt out procedure**

Follow the steps below to opt out of the Dispute Resolution Agreement.

**Reminder:** This procedure must be completed within 30 days of acknowledging the *Dispute Resolution Agreement* in Policy Center.
**Note:** This procedure is available only to AutoZoners in California whose original hire date is October 31, 2011 or before.

| Step | Action |
|------|--------|
| 1 | Print the **Dispute Resolution Agreement Opt Out Form** located at DOC/People/HR Forms/CA Only. <br> **Important:** Notify your store manager, DM or RHRM if you are unable to print this form. |
| 2 | Confirm your name, employee ID # and store # are correct, then sign and date the Form. |
| 3 | Make a copy of the Form to retain for your records. |
| 4 | Return the completed, signed and dated Form postmarked **within 30 days** of acknowledging receipt of the Dispute Resolution Agreement in AutoZone Policy Center. Mail to the address listed below. <br><br> AutoZone Legal Department <br> P. O. Box 3195 <br> Memphis, TN 38173 |
| 5 | Wait 10 days. <br><br> Did you receive confirmation that AutoZone received the Form? <br> If *yes*, you are done. <br> If *no*, immediately contact Darren Reltherford, 901-495-7216, AutoZone Field Human Resources, P. O. Box 2198, Memphis, TN 38101. |

*Continued on next page*

# AutoZone 2011 Dispute Resolution Agreement, Continued

**No retaliation**

It is against AutoZone policy for any AutoZoner to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If any AutoZoner believes that he or she has been retaliated against by anyone at AutoZone, the AutoZoner should immediately report this to the Human Resources department.

**Enforceability of the agreement**

This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes. Except as stated above regarding the Class Action Waiver, in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. If the Class Action Waiver is deemed to be unenforceable, AutoZone and AutoZoner agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.

**Acknowledgement of receipt**

I apply my electronic signature in AutoZone Policy Center to confirm that I have received the Dispute Resolution Agreement.

**Questions?**

Direct questions about dispute resolution to your manager/supervisor, HR or AutoZoner Relations.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 44 Montgomery Street, Suite 3520, San Francisco, California 94104.  On March 27, 2017, I served the within document(s):

> **ANSWER**

  by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

Jill P. Telfer
Pat Crowl
Law Offices of Jill P. Telfer
331 J Street, Suite 200
Sacramento, CA  95814
Telephone:  (916) 446-1916
Facsimile:  (916) 446-1726
Email:  jtelfer@telferlaw.com

Attorneys for Plaintiff
GLENN BLACKMAN

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice, it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on March 27, 2017, at San Francisco, California.

_____
Alison B. King

ANSWER                            2.            Case No. 34-2017-00208564-CU-WT-GDS

# EXHIBIT D

# AUTOZONE, INC.

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 11/25/1991 |
| Type: | Domestic Corporation | Entity Number: | C10758-1991 |
| Qualifying State: | NV | List of Officers Due: | 11/30/2017 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV19911052310 | Business License Exp: | 11/30/2017 |

## Additional Information

| | |
|---|---|
| Central Index Key: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | THE CORPORATION TRUST COMPANY OF NEVADA | Address 1: | 701 S CARSON ST STE 200 |
| Address 2: | | City: | CARSON CITY |
| State: | NV | Zip Code: | 89701 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 2,010,000.00 |
| Par Share Count: | 201,000,000.00 | Par Share Value: | $ 0.01 |

## ▬ Officers     ☐ Include Inactive Officers

**Treasurer - BRIAN CAMPBELL**

| | | | |
|---|---|---|---|
| Address 1: | 123 S. FRONT ST | Address 2: | |
| City: | MEMPHIS | State: | TN |
| Zip Code: | 38103 | Country: | USA |
| Status: | Active | Email: | |

**President - WILLIAM C RHODES III**

| | | | |
|---|---|---|---|
| Address 1: | 123 S. FRONT ST | Address 2: | |
| City: | MEMPHIS | State: | TN |
| Zip Code: | 38103 | Country: | USA |
| Status: | Active | Email: | |

**Director - WILLIAM C RHODES, III**

| | | | |
|---|---|---|---|
| Address 1: | 123 S. FRONT ST | Address 2: | |

| | | | |
|---|---|---|---|
| City: | MEMPHIS | State: | TN |
| Zip Code: | 38103 | Country: | USA |
| Status: | Active | Email: | |

Case 2:17-cv-00659-WBS-DB   Document 1   Filed 03/29/17   Page 35 of 39

**Secretary - KRISTEN WRIGHT**

| | | | |
|---|---|---|---|
| Address 1: | 123 S. FRONT ST | Address 2: | |
| City: | MEMPHIS | State: | TN |
| Zip Code: | 38103 | Country: | USA |
| Status: | Active | Email: | |

## ▬ Actions\Amendments

| Action Type: | Articles of Incorporation | | |
|---|---|---|---|
| Document Number: | C10758-1991-001 | # of Pages: | 6 |
| File Date: | 11/25/1991 | Effective Date: | |

(No notes for this action)

| Action Type: | Merger | | |
|---|---|---|---|
| Document Number: | C10758-1991-003 | # of Pages: | 4 |
| File Date: | 12/20/1991 | Effective Date: | |

ARTICLES OF MERGER MERGING AUTOZONE, INC. (A DEL. CORP. NOT QUALIF.) INTO THIS CORPORATION. TLS

| Action Type: | Registered Agent Change | | |
|---|---|---|---|
| Document Number: | C10758-1991-004 | # of Pages: | 1 |
| File Date: | 1/8/1993 | Effective Date: | |

SCHRECK JONES BERNHARD WOLOSON & GODFREY

600 EAST CHARLESTON BLVD. LAS VEGAS NV 89104 TCH

| Action Type: | Amendment | | |
|---|---|---|---|
| Document Number: | C10758-1991-005 | # of Pages: | 1 |
| File Date: | 12/23/1993 | Effective Date: | |

CAPITAL STOCK WAS 1010000 D M

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | C10758-1991-014 | # of Pages: | 2 |
| File Date: | 11/12/1998 | Effective Date: | |

(No notes for this action)

| Action Type: | Amendment | | |
|---|---|---|---|
| Document Number: | C10758-1991-006 | # of Pages: | 3 |
| File Date: | 3/28/1999 | Effective Date: | |

RESTATED ARTICLES FILED. (3)PGS. MMR

| Action Type: | Registered Agent Address Change | | |
|---|---|---|---|
| Document Number: | C10758-1991-007 | # of Pages: | 299 |
| File Date: | 10/29/1999 | Effective Date: | |

CORPORATION TRUST COMPANY OF NEVAD KFA

ONE EAST FIRST STREET RENO NV 89501 KFA

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | C10758-1991-015 | # of Pages: | 5 |

| File Date: | 11/12/1999 | | Effective Date: | |
|---|---|---|---|---|

(No notes for this action)

| Action Type: | Amendment | | | |
|---|---|---|---|---|
| Document Number: | C10758-1991-008 | | # of Pages: | 7 |
| File Date: | 4/14/2000 | | Effective Date: | |

CERTIFICATE OF DESIGNATION FILED DESIGNATING 200,000 SHARES AS "SERIES A PREFERRED STOCK". (7)PGS. DMF

| Action Type: | Annual List | | | |
|---|---|---|---|---|
| Document Number: | C10758-1991-013 | | # of Pages: | 7 |
| File Date: | 12/8/2000 | | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | | |
|---|---|---|---|---|
| Document Number: | C10758-1991-012 | | # of Pages: | 6 |
| File Date: | 12/8/2001 | | Effective Date: | |

(No notes for this action)

| Action Type: | Withdrawal of Designation | | | |
|---|---|---|---|---|
| Document Number: | 20080502654-22 | | # of Pages: | 1 |
| File Date: | 6/18/2002 | | Effective Date: | |

WITHDRAWAL OF CERTIFICATE OF DESIGNATION OF SERIES A JUNIOR PARTICIPATING PREFERRED STOCK 1 PG LMB

| Action Type: | Annual List | | | |
|---|---|---|---|---|
| Document Number: | C10758-1991-011 | | # of Pages: | 7 |
| File Date: | 11/25/2002 | | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | | |
|---|---|---|---|---|
| Document Number: | C10758-1991-010 | | # of Pages: | 7 |
| File Date: | 1/28/2004 | | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | | |
|---|---|---|---|---|
| Document Number: | C10758-1991-002 | | # of Pages: | 1 |
| File Date: | 9/1/2004 | | Effective Date: | |

List of Officers for 2004 to 2005

| Action Type: | Annual List | | | |
|---|---|---|---|---|
| Document Number: | 20050466281-74 | | # of Pages: | 1 |
| File Date: | 9/20/2005 | | Effective Date: | |

2005*2006

| Action Type: | Annual List | | | |
|---|---|---|---|---|
| Document Number: | 20060613889-63 | | # of Pages: | 1 |
| File Date: | 9/26/2006 | | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | | |
|---|---|---|---|---|
| Document Number: | 20070652270-31 | | # of Pages: | 1 |

| File Date: | 9/25/2007 | Effective Date: | |
|---|---|---|---|
| (No notes for this action) | | | |

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20080751289-62 | # of Pages: | 1 |
| File Date: | 11/18/2008 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20090786462-24 | # of Pages: | 1 |
| File Date: | 11/10/2009 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20100869636-11 | # of Pages: | 1 |
| File Date: | 11/19/2010 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20110815108-17 | # of Pages: | 1 |
| File Date: | 11/17/2011 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20120782787-34 | # of Pages: | 1 |
| File Date: | 11/20/2012 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20130760042-95 | # of Pages: | 1 |
| File Date: | 11/20/2013 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20140774287-52 | # of Pages: | 1 |
| File Date: | 11/24/2014 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20150419898-47 | # of Pages: | 1 |
| File Date: | 9/23/2015 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20160427030-55 | # of Pages: | 1 |
| File Date: | 9/28/2016 | Effective Date: | |
| (No notes for this action) | | | |

# EXHIBIT E

10-Q 1 d351053d10q.htm FORM 10-Q

Table of Contents

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM 10-Q

☒   **Quarterly report pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934**

For the quarterly period ended February 11, 2017,

or

☐   **Transition report pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934**

For the transition period from _____ to _____.

Commission file number 1-10714

# AUTOZONE, INC.
(Exact name of registrant as specified in its charter)

| | |
|---|---|
| **Nevada** | **62-1482048** |
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification No.) |
| **123 South Front Street, Memphis, Tennessee** | **38103** |
| (Address of principal executive offices) | (Zip Code) |

**(901) 495-6500**
(Registrant's telephone number, including area code)

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter periods that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☒   No ☐

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Web site, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T (§232.405 of this chapter) during