UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN BLACKMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>AUTOZONE, INC.,<br><br>        Defendant. | No. 2:17-cv-0659 JAM DB<br><br><br>ORDER |

      On August 11, 2018, plaintiff filed an amended motion to quash. (ECF No. 8.) The motion is noticed for hearing before the undersigned on September 14, 2018, pursuant to Local Rule 302(c)(1). (Id.) On September 7, 2018, the parties filed a joint statement pursuant to Local Rule 251. (ECF No. 10.) Therein, defendant asserts that plaintiff failed to meet and confer with respect to this dispute. (Id. at 6.)

      Local Rule 251(b) provides that a discovery motion "shall not be heard unless [] the parties have conferred and attempted to resolve their differences[.]" In this regard, "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion." (Id.)

      Plaintiff asserts that "[o]n July 31, 2018, plaintiff objected to [defendant's] subpoena and sent defendant a meet and confer letter requesting the subpoena be withdrawn." (ECF No. 10 at

1

1.) On August 6, 2018, plaintiff received defendant's written response. (Id.) Thereafter, plaintiff filed the motion to quash. What plaintiff describes, however, is not a good faith effort to resolve the parties' differences.

In place of a meaningful discussion about the parties' dispute and a possible resolution, plaintiff sent a letter, defendant responded, and then plaintiff filed a motion to quash. Plaintiff's letter consisted of one-page, two paragraphs, and ended simply with a demand that the defendant identify the relevance of the discovery at issue by August 6, 2018—which the defendant did. Instead of replying to defendant and engaging in a discussion or debate, plaintiff simply brought the motion to quash. And no further attempts were made at meeting and conferring.

Moreover, pursuant to the undersigned's Standard Information, "[w]ritten correspondence between the parties . . . is insufficient to satisfy the parties' meet and confer obligations under Local Rule 251(b)." See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db. And parties must meet and confer in person—distance permitting—prior to the filing of a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the joint statement.

Plaintiff failed to comply with the Local Rules and the undersigned's Standard Information with respect to meet and confer requirements. Plaintiff's motion to quash will, therefore, be denied. See Rogers v. Giurbino, 288 F.R.D. 469, 477 (S.D. Cal. 2012) ("A court can deny a motion to compel solely because of a party's failure to meet and confer prior to filing the motion."); Scheinuck v. Sepulveda, No. C 09-0727 WHA (PR), 2010 WL 5174340, at *1 (N.D. Cal. Dec. 15, 2010) ("motion was denied because plaintiff did not in good faith meet and confer with defendant prior to filing his motion").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 11, 2018 amended motion to quash (ECF No. 8) is denied without prejudice to renewal; and

////

////

////

2. The September 14, 2018 hearing of plaintiff's motion is vacated.

Dated: September 11, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\blackman0659.ftmc.ord